UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC1, a California Company,<br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>AIRMOTIVE INVESTMENTS, LLC, a Nevada Limited Liability Company, HIGHLAND RANCH HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation,<br>　　　　　　　　　　　Defendants. | Case No. 3:15-cv-00401-LRH-WGC<br><br>ORDER |

There are three motions pending before the court. First, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1, a California Company, ("Deutsche Bank") moves this court for summary judgment (ECF No. 88). Defendant, Highland Ranch Homeowners Association ("the HOA" or "Highland Ranch") and defendant, Airmotive Investments, LLC ("Airmotive") filed responses (ECF Nos. 89 & 91), and Deutsche Bank replied (ECF Nos. 93 & 95).

Second, defendant Highland Ranch filed a counter motion for summary judgment. ECF No. 90. Deutsche Bank responded (ECF No. 94), and Highland Ranch replied (ECF No. 97). Third, defendant Airmotive filed a counter motion for summary judgment. ECF Nos. 92. Deutsche Bank responded (ECF No. 96), and Airmotive replied (ECF No. 98).

1

In *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon* ("*Star Hill*"), the Nevada Supreme Court held that Nevada Revised Statute ("NRS") § 116.31168 "fully incorporated both the opt-in and mandatory notice provisions of NRS 107.090." 422 P.3d 1248, 1253 (Nev. 2018). Therefore, the statute "is not facially unconstitutional on the basis of an impermissible opt-in notice scheme," and the Ninth Circuit's holding in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), is no longer controlling authority. *Bank of America, N.A. v. Arlington West Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019). Accordingly, Deutsche Bank's motion for summary judgment is denied, and Highland Ranch's and Airmotive's counter motions for summary judgement are granted.

## I. BACKGROUND

This matter arises from a nonjudicial foreclosure sale on real property located at 886 Midnight Court, Sun Valley, Nevada 89433, ("the property"), conducted under NRS § 116.3116 *et seq. See* ECF Nos. 86-2; 86-6; 86-7; 86-8. Anginique R. Wilson and Claudio Cesar Alvanez, wife and husband as joint tenants ("borrowers"), acquired title to and ownership of the property, executing a deed of trust in September 2006, designating New Century Mortgage Corporation as the lender, First Centennial as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, in the amount of $178,750. ECF No. 86-2. The deed of trust was recorded in the Washoe County Recorder's Office on September 7, 2006, as document number 3435695. *Id.* The property sits in the Highland Ranch Homeowners Association and is therefore subject to the HOA's assessments. *See* ECF No. 89 at 2 (citing ECF No. 66-1).

On March 5, 2010, MERS, as nominee for New Century Mortgage Corporation, assigned its interest in the deed of trust to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 via a Corporation Assignment of Deed of Trust recorded in the Washoe County Recorder's Office as document number 3856469. ECF No. 86-3. On July 19, 2012, the deed of trust was then assigned to Deutsche Bank National Trust Company, as Trustee Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1, the plaintiff, and recorded in the Washoe County Recorder's Office as document number 4133177. ECF No. 86-4.

After the borrowers failed to pay HOA assessments that came due, Highland Ranch, through its attorney Kern & Associates, Ltd., recorded a Notice of Delinquent Assessment and Claim of Lien Homeowners Association (document number 4073963) against the property on January 9, 2012. ECF No. 86-5. On June 27, 2012, the HOA then recorded a Notice of Default and Election to Sell pursuant to NRS § 116.3116 *et seq.*, in the Washoe County Recorder's Office as document number 4125742. ECF No. 86-6. A Notice of Homeowners Association Sale was recorded on February 15, 2013, in the Washoe County Recorder's Office as document number 4205546. ECF No. 86-7. At the non-judicial foreclosure sale held on March 26, 2013, the HOA purchased the property for $450, and recorded a Deed in Foreclosure of Assessment Lien on April 8, 2013. ECF No. 86-8 (document number 4223797). On August 23, 2013, the HOA recorded a Quit Claim Deed in which Highland Ranch quit claimed its interest in the property to TBR I, LLC ("TBR"). ECF No. 86-9 (document number 4272527). TBR then quit claimed its interest in the property to Airmotive, recording the Deed on February 29, 2016. ECF No. 86-10 (document number 4565074).[1]

Deutsche Bank filed its initial Complaint against TBR on August 6, 2015. ECF No. 1. TBR filed an amended answer to the Complaint, a counterclaim and third-party complaint against Deutsche Bank, Highland Ranch, and the borrowers, on October 14, 2015. ECF No. 9. After failing to answer, the Clerk of Court entered Default as to the borrowers, and TBR voluntarily dismissed them on September 29, 2015. ECF Nos. 29 & 39. On September 30, 2016, Highland Ranch, Deutsche Bank and TBR stipulated to dismiss TBR from the suit and dismiss TBR's counterclaim and third-party complaint. ECF No. 40 & 41. Deutsche Bank then filed its first amended complaint which added Airmotive as a defendant (ECF No. 42), and filed its second amended complaint on July 18, 2018, which added Highland Ranch as a defendant (ECF No. 59). After reaching an agreement as to the issues raised by Highland Ranch in an initial motion for partial summary

---

[1] Deutsche Bank requested the Court take judicial notice of the above listed undisputed facts because each is derived from publicly available records in the county recorder's office. ECF No. 88. Highland Ranch and Airmotive did not oppose the court taking judicial notice of these facts and cite these records in support of their own motions. Because these facts can be accurately and readily determined from the publicly recorded documents and are undisputed, the court takes judicial notice of ECF Nos. 86-2 through 86-10. *See* FED R. EVID. 201; *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004).

1  judgment (ECF No. 66), the parties stipulated to a withdrawal of the motion and to allow Deutsche Bank to file a third amended complaint (ECF Nos. 82 & 83), which it did on May 20, 2019 (ECF No. 86). Plaintiff's third amended complaint alleges three causes of action[2] for quiet title and declaratory relief. ECF Nos. 86.

Deutsche Bank filed its pending motion for summary judgment arguing that the court is bound by *Bourne Valley* (ECF No. 88); defendants Highland Ranch and Airmotive filed counter motions for summary judgment arguing that *Bourne Valley* is no longer binding on the court following the Nevada Supreme Court's ruling in *Star Hill* (ECF Nos. 90 & 92). The court now rules on all pending motions.

## II. LEGAL STANDARD

**Motion for Summary Judgment Pursuant to Civil Procedure Rule 56**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining*

---

[2] Claims include: (1) Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS § 30.010 *et seq.* and NRS § 40.010 *et seq.* against all defendants; (2) Declaratory Relief under Amendments V and XIV to the United States Constitution against all defendants; and (3) Quiet Title under Amendments V and XIV to the United States Constitution against all defendants. ECF No. 86.

*Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. "The mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient" to establish a genuine dispute; "there must be evidence on which the jury could reasonably find for the [party]." *Id.* at 252.

## III. DISCUSSION

### A. NRS § 116.3116 *et seq.* is constitutional on its face.

Deutsche Bank argues that the HOA's foreclosure could not have extinguished its first deed of trust because the Ninth Circuit ruled in *Bourne Valley* that the statute's "opt-in" notice provision was facially unconstitutional. *See* 832 F.3d at 1158-60. Deutsche Bank is correct that the Ninth Circuit in *Bourne Valley* held that NRS § 116.3116's "opt-in" notice scheme was facially unconstitutional because it violated lender's due process rights. *Id.* at 1156. In coming to this holding, the Court determined that NRS § 107.090 should not be read into NRS § 116.31168(1) to cure the due process deficiency. *Id.* at 1159.

However, "a State's highest court is the final juridical arbiter of the meaning of state statutes." *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975); *see also Cal. Teachers Ass'n v. State Bd. Of Educ.*, 271 F.3d 1141, 1146 (9th Cir. 2001) ("[I]t is solely within the province of the state courts to authoritatively construe state legislation."). Further, the Ninth Circuit has held that it is "required to follow intervening decisions of the [State] Supreme Court that interpret state law in a way that contradicts [the Circuit's] earlier interpretation of that law." *Bonilla v. Adams*, 423 Fed. Appx. 738, 740 (9th Cir. 2011); *see also Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983)

5

("Our interpretation . . . was only binding in the absence of any subsequent indication from the California courts that our interpretation was incorrect.").

The Nevada Supreme Court's decision in *Star Hill* so undercut *Bourne Valley* that the two are irreconcilable. In its decision, the Nevada Supreme Court specifically declined to follow the Ninth Circuit's interpretation of the state statute, instead holding that "NRS 116.31168 fully incorporated both the opt-in and mandatory notice provisions of NRS 107.090," and concluded that prior to the October 1, 2015 amendment, a foreclosing HOA was required to "provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." *Star Hill*, 422 P.3d at 1253. This conclusion and interpretation of the state law directly contradicts *Bourne Valley*'s interpretation of the same state law. As the Nevada Supreme Court is the highest court of the state, this court is bound by the *Star Hill* interpretation. Therefore, because the statute includes both an opt-in and mandatory notice provision, the court finds that the statute is not facially unconstitutional.

The Ninth Circuit has consistently come to this same conclusion: *Star Hill* rendered *Bourne Valley* no longer controlling authority and that the statute is not facially unconstitutional. *See Arlington West*, 920 F.3d at 623 ("The bank's due process argument fails because the Nevada Supreme Court later rejected *Bourne Valley*'s interpretation of the Nevada statutory scheme."); *Nationstar Mortg. LLC v. Las Vegas Dev. Grp., LLC*, 787 Fed. Appx. 448, 448 (9th Cir. Dec. 13, 2019) (unpublished) ("The Ninth Circuit recently held, however, that Nevada's HOA foreclosure scheme is not facially unconstitutional because our decision in *Bourne Valley* was based on a construction of Nevada law that the Nevada Supreme Court has since made clear was erroneous."); *Nationstar Mortg. LLC v. Airmotive Invs., LLC*, 787 Fed. Appx. 446, 447 (9th Cir. Dec. 13, 2019) (unpublished) (same); *U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, 787 Fed. Appx. 449, 449 (9th Cir. Dec. 13, 2019) (unpublished) (same); *Carrington Mortg. Servs., LLC v. SFR Invs. Pool 1, LLC*, __ Fed. Appx. __, 2019 WL 6464032, at *1 (9th Cir. Dec. 2, 2019) (unpublished) (same). Deutsche Bank's arguments to the contrary are unavailing and the court sees no reason to discuss the issue further or deviate from this overwhelming precedent. Accordingly, the court denies Deutsche Bank's motion for summary judgment.

Because Highland Ranch's nonjudicial foreclosure sale extinguished Deutsche Bank's first deed of trust,[3] when Airmotive subsequently purchased the property, it did so free and clear of Deutsche Bank's first deed of trust. *See SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."). Therefore, the court grants Highland Ranch's and Airmotive's counter motions for summary judgment.

**B. The lis pendens is expunged.**

On August 27, 2015, Deutsche Bank filed a Notice of Lis Pendens. ECF No. 3. Pursuant to NRS § 14.015, the party that records the lis pendens "must establish to the satisfaction of the court either: (a) That the party who recorded notice is likely to prevail in the action; or (b) That the party who recorded the notice has a fair chance of success on the merits in the action." NRS § 14.015(3). Because the court is granting summary judgment for Airmotive, Deutsche Bank can no longer maintain that it will likely prevail or has a fair chance of success on the merits. *See Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, Case No. 3:15-cv-00240-MMD-CBC, 2019 WL 470901, at \*6 (D. Nev. Feb. 6, 2019). Therefore, the court orders that Deutsche Bank's lis pendens on the property be expunged.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Deutsche Bank's motion for summary judgment (ECF No. 88) is **DENIED.**

IT IS FURTHER ORDERED that Highland Ranch's counter motion for summary judgment (ECF No. 90) is **GRANTED.**

IT IS FURTHER ORDERED that Airmotive's counter motion for summary judgment (ECF No. 92) is **GRANTED.**

IT IS FURTHER ORDERED that the lis pendens on this property, noticed on the court docket by Deutsche Bank (ECF No. 3), is hereby **EXPUNGED**.

///

---

[3] Deutsche Bank has not argued, nor does anything in the record indicate that Deutsche Bank did not receive notice as required under the statute. *See* ECF No. 88; ECF No. 89 at 5; ECF No. 91 at 10; ECF Nos. 93. & 95.

IT IS FURTHER ORDERED that the Clerk of Court is to enter **JUDGMENT** in favor of Highland Ranch and Airmotive and close this case.

IT IS SO ORDERED.

DATED this 14th day of January, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE